**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
In re:                              :    Chapter 11
                                    :
REICHHOLD HOLDINGS US, INC.,        :    Case No. 14-12237 (MFW)
                                    :
            Debtor.                 :
                                    :
-------------------------------------------------------- x
```

**SCHEDULES OF ASSETS AND LIABILITIES**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x

In re:                                          :    Chapter 11
                                                :
REICHHOLD HOLDINGS US, INC.,                    :    Case No. 14-12237 (MFW)
                                                :
                              Debtor.           :
                                                :

------------------------------------------------------- x

### SCHEDULES OF ASSETS AND LIABILITIES DECLARATION
### UNDER PENALTY OF PERJURY OF ROGER L. WILLIS
### ON BEHALF OF REICHHOLD HOLDINGS US, INC.

I, Roger L. Willis, Vice President & Treasurer of Reichhold Holdings US, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), declare under penalty of perjury that I have reviewed the Debtor's Summary of Schedules, Schedule A, B, C, D, E, F, G, and H (collectively, the "Schedules") and the Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs, and that they are true and correct to the best of my knowledge, information, and belief.

Although every effort has been made to make the Schedules of Assets and Liabilities accurate and complete, because of the magnitude and complexity of the task, inadvertent errors or omissions may exist.

Dated: December 15, 2014

_____
Reichhold Holdings US, Inc.
Vice President & Treasurer

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------x
                                        :
In re:                                  :   Chapter 11
                                        :
REICHHOLD HOLDINGS US, INC., et al.,    :   Case No. 14-12237 (MFW)
                                        :
                Debtors.¹               :   Jointly Administered
                                        :
-----------------------------------------------------------x
```

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY
AND DISCLAIMER REGARDING DEBTORS' SCHEDULES OF ASSETS AND
LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") filed herewith by the debtors and debtors-in-possession in the above-captioned cases (the "Debtors") were prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by the Debtors, with the assistance of their advisors, and are unaudited.  While the Debtors' management has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, inadvertent errors or omissions may have occurred.  The Schedules and Statements remain subject to further review and verification by the Debtors.  Subsequent information may result in material changes in financial and other data contained in the Schedules and Statements.  Except as noted in the Schedules and Statements or herein, all asset data is reported as of the close of business on September 30, 2014 (the "Petition Date") and liability data as of the close of business on September 30, 2014.  The Debtors have used their best efforts to compile the information set forth in the Schedules and Statements from their books and records maintained in the ordinary course of their businesses.  The Debtors reserve their right to amend their Schedules and Statements from time to time as may be necessary or appropriate.  These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

1.  <u>Description of the Case</u>.  On the Petition Date, each of the Debtors filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (as amended, the

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Reichhold Holdings US, Inc. (5768), Reichhold, Inc. (4826), Canadyne Corporation (7999), and Canadyne-Georgia Corporation (7170).  The street address for the Debtors is 1035 Swabia Ct., Durham, North Carolina 27703.

"Bankruptcy Code"), and an order for relief was entered by the Bankruptcy Court. The Debtors currently are operating their businesses as debtors in possession under the Bankruptcy Code.

2.    Basis of Presentation. The Schedules and Statements are unaudited and reflect the Debtors' best efforts to report their assets and liabilities. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to fully reconcile to the financial statements prepared by the Debtors.

3.    Summary of Significant Reporting Policies. The Schedules and Statements have been signed by Roger L. Willis, the Chief Financial Officer and Treasurer of Reichhold, Inc., and an authorized officer of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Willis has necessarily relied upon the efforts, statements and representations of the accounting and non-accounting personnel and management and the Debtors' advisors. Mr. Willis has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors. The Debtors made their best effort to report asset, liability, disbursement and other information on the Debtors' Schedules and Statements.

In addition, the Debtors adopted the following conventions in the preparation of the Schedules and Statements:

(a)    Reporting Date. Assets reported in the Debtors' Schedules and Statements are prepared as of the close of business on September 30, 2014 unless otherwise noted. Accounts receivable is reported as of September 30, 2014. Liabilities are reported in the Debtors' Schedules and Statements as of the close of business on September 30, 2014, unless otherwise noted.

(b)    Book Value. Each asset and liability of the Debtors is shown on the basis of the book value of the asset or liability in the Debtors' accounting books and records, unless otherwise noted, rather than the current market values, of such interests in property and/or liabilities.

(c)    Causes of Action. The Debtors have not set forth all causes of action against all third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

(d)    Executory Contracts. The Debtors have not set forth executory contracts as assets in their Schedules and Statements. The Debtors' executory contracts have been set forth in Schedule G.

(e)    Property and equipment - owned. Unless otherwise noted, owned property and equipment are stated at net book value to the extent that the Debtors have depreciated these assets. The Debtors have consistently recorded accumulated depreciation on fixed assets.

(f)  <u>Property and equipment - leased</u>.  In the ordinary course of their business, the Debtors lease equipment from certain third-party lessors for use in the daily operations of their business.  Any such leases which have been identified are set forth in the Debtors' Schedule G.  Nothing in the Schedules and Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues.  Any such agreements which have been identified are set forth in Schedule G.

(g)  <u>Payments to Creditors and Insiders</u>.  On Statement of Financial Affairs 3(c), the Debtors have not scheduled payments made to employees who may be deemed officers where the employees function in a purely ministerial role and have no material inside information.

(h)  <u>Intercompany Receivables and Payables</u>.  The Debtors are part of a cash management system, designed to collect funds from operations and to pay operating and administrative expenses of the Debtors as more fully described in the Cash Management Motion [Docket No. 35].  Outstanding receivables, if any, to the Debtors on account of intercompany transactions with another Debtor are scheduled on Schedule B35 as net receivables and corresponding outstanding payables are listed on Schedule F as net payables.  As of the Petition Date, the Debtors had intercompany balances with certain of their non-Debtor affiliates for ordinary course business transactions.  The Debtors were authorized to pay certain of those balances in the ordinary course of business pursuant to the Cash Management Order and, therefore, these claims have not been listed.  The listing of these amounts shall not be construed as an admission of the characterization of such balances (as debt, equity or otherwise). Additionally, certain of these intercompany balances may be disputed, and any amounts listed should not be considered an admission as to their validity.

(i)  <u>Financial Statements</u>.  The Debtors are privately held companies whose common shares are not listed on any stock exchanges.  The Debtors have provided financial statements to third parties in the course of obtaining business credit.

(j)  <u>Schedule B</u>

a.  The country code set forth in Schedule B22 is the national standard country code.

(k)  <u>Schedule D</u>.

(i)  Senior Credit Facility With Oaktree

a.  On or around May 20, 2014, Debtor Reichhold, Inc. and non-debtor affiliate Reichhold Industries Limited ("RIL"), an Ontario, Canada corporation (the "Borrowers"), Bank of America, N.A. ("BofA"), as issuing bank and administrative agent, and OCM Reichhold Holdings, Ltd., an affiliate of Oaktree Capital Management L.P. ("Oaktree") entered into a Fifteenth Amendment (the "Amendment") to Credit Agreement (the "Credit Agreement") dated May 20, 2014, pursuant to which Oaktree made available to the Borrowers term loans and a delayed draw term loan in the aggregate amount of $70 million (the "Oaktree Facility") as follows (collectively, the "Term Loans"): (a) a term loan in the aggregate principal

amount of $8,345,353.79 to RIL, the proceeds of which were used to repay RIL's outstanding balance on the Revolving Loan; (b) a term loan in the aggregate principal amount of $29,265,221.07 to Debtor Reichhold, Inc., the proceeds of which were used to repay Reichhold, Inc.'s outstanding balance on the Revolving Loan; (c) a delayed draw term loan commitment to Debtor Reichhold, Inc. in the original principal amount of $5,000,000; and (d) additional term loans to Debtor Reichhold, Inc. in the aggregate principal amount of $27,389,425.14, of which approximately $14 million was used to cash collateralize outstanding letters of credit. The Term Loans were scheduled to mature on October 31, 2014. As of the Petition Date, the amount outstanding to Oaktree under the Credit Agreement was approximately $73 million, of which $64.3 million was owed by Debtor Reichhold, Inc. and $8.7 million was owed by non-Debtor RIL (though the total amount is the joint and several obligation of one of the Debtors).

        b.     The Borrowers' obligations under the Credit Agreement, as amended by the Amendment, were secured by a security interest in substantially all of the Borrowers' assets other than the equity interests held by Reichhold Holdings US, Inc. ("Holdings").[2]

        (ii)  Senior Secured Notes

        a.     On May 8, 2012, non-debtor Reichhold Industries, Inc. ("Reichhold Industries") issued $206,578,066 of 9%/11% Senior Secured Notes (the "Senior Secured Notes") due 2017 pursuant to an indenture (the "Senior Secured Indenture") under which Wells Fargo serves as trustee and collateral agent. Reichhold Industries' obligations under the Senior Secured Notes and Senior Secured Indenture are guaranteed by Holdings and Reichhold, Inc. The Senior Secured Notes are secured by a pledge of, among other things, Reichhold Corporate Holdings II B.V.'s interest in Holdings and Holdings' interest in Reichhold, Inc.[3]

        b.     As of the Petition Date, principal in the amount of approximately $255 million was outstanding under the Senior Secured Notes.

        (iii)  Equipment Financing

        a.     The Debtors have incurred debt in connection with their acquisition or lease of certain equipment used in the ordinary course of their operations (the "Equipment Lease Obligations"), and a number of equipment lessors and lease financing companies have filed UCC-1 financing statements against the Debtors. Those equipment lessors and lease financing companies that filed UCC-1 financing statements are included on Schedule D with estimated amounts owed as of the Petition Date, and the date of the claim is listed, if known.

---

[2]    The Oaktree Facility was repaid pursuant to the Interim Order (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 362, 363 and 364; (ii) Granting Liens and Superpriority Claims; and (iii) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 [Docket No. 54].

[3]    Reichhold, Inc. is a guarantor of the Senior Secured Notes. Reichhold, Inc., however, did not pledge any assets to secure that guarantee.

b.    Except as otherwise agreed pursuant to a stipulation or agreed order or any other order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. The Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction, or any document or instrument related to such creditor's claim.

(l)    Schedule E.

(i)    The Bankruptcy Court entered an interim order (the "Tax Order") [Docket No. 46] authorizing the Debtors to pay, on an interim basis, certain taxes in an amount not to exceed $60,000. The Tax Order became final according to its terms, and authorized the Debtors, on a final basis, to pay all prepetition taxes in the ordinary course of business up to an aggregate amount of $510,000. Pursuant to the Tax Order, the Debtors have satisfied certain prepetition tax claims. The Debtors have included only those claims that have not been paid pursuant to the Tax Order as of the date of the filing of the Schedules and Statements. The Debtors reserve the right to dispute or challenge the priority status of any claim listed on Schedule E.

(ii)    The Bankruptcy Court entered an order (the "Employee Order") [Docket No. 51] authorizing the Debtors to pay prepetition compensation, benefits, payroll withholding taxes, and reimbursable expenses for the Debtors' employees and independent contractors. Pursuant to the Employee Order, the Debtors have satisfied certain prepetition claims of their employees and independent contractors and have thus not identified such claims in Schedule E. Claims that have been fully satisfied pursuant to the Employee Order are not reflected on Schedule E or F, as applicable. In addition, the Debtors have listed the aggregate amount of accrued vacation owed to Employees as of the Petition Date on Schedule E.

(m)    Schedule F.

(i)    The Bankruptcy Court has entered an order (the "Critical Vendor Order") [Docket No. 52] authorizing the Debtors to pay certain priority vendor claims in the aggregate amount of $2,200,000. If a vendor were paid then the amount reflected on Schedule F takes into account this payment.

(ii)    The Bankruptcy Court entered an order (the "Customer Order") [Docket No. 48], authorizing the Debtors to honor and perform all prepetition obligations with respect to certain customer programs up to and including $900,000. Pursuant to the Customer Order, the Debtors have satisfied certain customer claims and have thus not identified such claims in Schedule F. Those customer claims that have not been fully satisfied pursuant to the Customer Order, to the extent known, are reflected on Schedule F.

(iii) The Bankruptcy Court has entered an order (the "Shippers Order") [Docket No. 50], authorizing the Debtors to pay certain prepetition shipping, warehousing and related claims in the aggregate amount of $3,800,000. If a shipper were paid then the amount reflected on Schedule F takes into account this payment.

(iv) The Bankruptcy Court has entered an order (the "Insurance Order") [Docket No. 47], authorizing the Debtors to pay certain insurance obligations in the aggregate amount of $956,000. If an insurance obligation were paid then the amount reflected on Schedule F takes into account this payment.

(v) The descriptions provided in Schedule F are intended only to be a summary. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such claims.

(vi) The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which the claim arose is an open issue of fact. While best efforts have been made, determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed in Schedule F.

(vii) The claims of individual creditors for, among other things, goods, services or taxes are listed at the amounts listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor. The Debtors reserve all of their rights respecting such credits and allowances. The dollar amounts listed may be exclusive of contingent and unliquidated amounts. The Debtors expressly incorporate by reference into Schedule F all parties to pending and potential litigation listed in the Debtors' Statements as contingent, unliquidated and disputed claims to the extent not already listed on Schedule F. All parties to executory contracts, including those listed on Schedule G, are holders of contingent and unliquidated unsecured claims arising from (i) obligations under those executory contracts and/or (ii) rejection damages in the event that such executory contract is rejected. Equipment leases listed on Schedule D were not duplicated on Schedule F.

(viii)    All environmental creditors are listed as contingent, unliquidated and disputed and with no dollar amount associated with their claims. The Debtors do have reserves for environmental liabilities. However, there are multiple creditors listed for the same sites and no attempt has been or could be made to allocate any amount of the reserves to specific creditors. Moreover, the reserves are estimates only and do not represent an agreement by the Debtors as to the validity or amount of any environmental claim. The Debtors reserve all rights to dispute the validity and amount of any environmental claims.

(ix) For most of the super fund sites where Reichhold has been listed as a PRP there are numerous other PRPs who would have potential cross claims against each other. Except where there are a limited number of PRPs, the PRPs and other potential claimants have not been listed on Schedule F. Similarly, there are circumstances where numerous third parties may have potential claims arising from alleged environmental contamination. Only creditors who have asserted actual claims have been listed.

(x) There are circumstances where Reichhold believes it has fully remediated a site or where it has settled third party or governmental claims against it. In certain of those settlements, the non-debtor settling parties have reserved rights to reopen the settlement under certain circumstances. Schedule F does not include third parties with whom Reichhold has made settlements or governmental agencies whose claims have been resolved even though there

are circumstances under which those claims could be reopened based upon certain unknown future events.

      (xi) Reichhold reserves all rights to amend Schedule F to reflect additional environmental claimants.

      (n)    <u>Schedule G</u>.

      (i)    While every effort has been made to ensure the accuracy of the Schedule of Executory Contracts, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

      (ii)    The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements that may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Schedule G does not include stand alone purchase orders for goods or equipment or nondisclosure agreements. Additionally, the Debtors may be a party to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, and attornment agreements, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps, and other miscellaneous agreements. Such documents are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. In addition, Schedule G does not include the following: (i) employment agreements or employee separation agreements; (ii) consent decrees; (iii) settlement/release agreements other than environmental settlement and release agreements; (iv) nondisclosure agreements; (v) insurance agreements; (vi) financing agreements; (vii) agreements with independent contractors; (viii) lines of credit; and (ix) certain human resources benefits contracts. In addition, certain agreements have numerous counter parties, including agreements regarding various super fund sites. Schedule G identifies each such agreement and lists as the counter party either the first counter party to the agreement or the PRP Cooperating Parties Group where one has been formed and has designated counsel or agent. A complete listing of all known signatories to such agreements is available upon request from the Debtors, Debtors' counsel or someone else chosen for that purpose.

      (iii)    The presence of a contract or agreement on Schedule G (or in the subschedule) does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G. Notwithstanding the fact that ongoing obligations under consent decrees are not listed on schedule G the Debtors reserve all rights to contest any ongoing obligations to continue performance under such decrees.

(o)    <u>Statement of Financial Affairs</u>.  Question 3(c) in the statement of financial affairs requests information regarding payments to insiders.  With respect to insider payments related to salary, paid time off, bonus, or severance, such payments are disclosed at their gross amounts and not the net take-home pay amounts.

(i)    Question 4(a) in the statement of financial affairs requests information about suits and administrative proceedings in the one year prepetition period.  In certain instances, the Debtors have not listed the full title of the caption of the suit as that information is not in the Debtors' records.  In addition, 4(a) may not include all litigation matters.

(ii)    In Question 17(a), after consultation with the Office of the United States Trustee, the Debtors have compiled information only for the ten (10) year period preceding December 1, 2014.  Question 17(a) lists sites where a review of the records indicates either (i) a notice from a governmental unit was received on or after December 1, 2004 or (ii) a notice from a governmental unit was received before December 2004, however, during the period after December 1, 2004 there were some actions taken by the Debtors at the site related to the notice such as additional communications with the governmental unit, payment of money or some other activity by the Debtors.  In addition, the Debtors have identified 11 sites where money was paid or some actions were taken during the period from and after December 1, 2004.  The Debtors were unable to locate a government notice with respect to such sites but have nevertheless listed these sites in response to SOFA 17(a) in an abundance of caution.  In Question 17(b), after consultation with the Office of the United States Trustee, the Debtors have compiled information only for the ten (10) year period preceding December 1, 2014.  Question 17(b) lists sites where a review of the records indicates a notice to a governmental unit was sent by the Debtor on or after December 1, 2004.  In Question 17(c), after consultation with the Office of the United States Trustee, the Debtors have compiled information only for the ten (10) year period preceding January 1, 2014.  Question 17(c) lists judicial or administrative proceedings where the review of company records indicates either (a) the proceeding commenced on or after January 1, 2004 or (b) the proceeding commenced before that date but there was some action in the proceeding subsequent to that date.

4.    <u>Claims</u>.  The Debtors' Schedules list creditors and set forth the Debtors' estimate of the amount of the claims of creditors as of the close of business on September 30, 2014, unless otherwise indicated.  As set forth above, payments have been made subsequently to certain claimants pursuant to Bankruptcy Court first day or other orders in the Debtors' cases.  Where possible, the Debtors have attempted to reflect those subsequent payments in the Schedules and Statements but the actual unpaid claims of creditors may differ from the amount set forth in the Schedules and Statements.

5.    <u>Disputed, Contingent, and/or Unliquidated Claims</u>.  Schedules D, E, and F permit the Debtors to designate a claim as disputed, contingent, and/or unliquidated.  A failure to designate a claim on any of these schedules as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection.  The Debtors reserve the right to dispute, or assert offsets or defenses to any claim reflected on these Schedules as to nature, amount, liability, or status or to otherwise subsequently designate any claim as disputed, contingent or unliquidated.

6.    <u>Claimants</u>.  The identity of some of the holders of claims may have changed over time due to trading and/or transfer of certain of these claims. It is the Debtors' belief that the claims against the Debtors were as of the Petition Date held by the entities identified in these Schedules (or affiliates of such entities or beneficial holders for which such entities are nominees or asset managers), in the principal amounts set forth herein, without inclusion of accrued and unpaid interest (unless expressly noted that interest is included).

7.    <u>Global Notes Control</u>.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

***END OF GLOBAL NOTES***

**SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:  **REICHHOLD HOLDINGS US, INC.**                    Case No.:  **14-12237 (MFW)**

**SUMMARY OF SCHEDULES**

Indicate as to each schedule whether that schedule is attached.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add  the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | ASSETS | LIABILITIES |
|---|---|---|---|
| A.  Real Property | Yes | $0.00 | |
| B.  Personal Property | Yes | $0.00 | |
| C.  Property Claimed As Exempt | No | | |
| D.  Creditors Holding Secured Claims | Yes | | $328,412,281.72 |
| E.  Creditors Holding Unsecured Priority Claims | Yes | | $168.75 |
| F.  Creditors Holding Unsecured Nonpriority Claims | Yes | | $0.00 |
| G.  Executory Contracts and Unexpired Leases | Yes | | |
| H.  Codebtors | Yes | | |
| I.  Current Income of Individual Debtor(s) | No | | |
| J.  Current Expenditures of Individual Debtor(s) | No | | |
| **TOTALS** | | **$0.00** | **$328,412,450.47** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---

In re:   REICHHOLD HOLDINGS US, INC.                                    Case No.:   14-12237 (MFW)

---

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor holds no interest in real property, write "None" under "Description and Location of  Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory  Contracts and Unexpired Leases.**

If an entity claims to have a lien or holds a secured interest in any property, state the amount of the secured claim. See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

**See Attached**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**In re: REICHHOLD HOLDINGS US, INC.**                    **Case No.: 14-12237 (MFW)**

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Net Book Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|
| **-None-** | | | |
| | TOTAL SCHEDULE A: | **UNKNOWN** | |
| | TOTAL DEBTOR: | **UNKNOWN** | |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:   REICHHOLD HOLDINGS US, INC.                                    Case No.:   14-12237 (MFW)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  In providing the information requested in this schedule, do not include the name or address of a minor child.  Simply state "a minor child."

**See Attached**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**In re: REICHHOLD HOLDINGS US, INC.**                    **Case No.: 14-12237 (MFW)**

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Net Book Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|
| 1.  Cash on hand. | X | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | |
| 6.  Wearing apparel. | X | | |
| 7.  Furs and jewelry. | X | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | |
| 10. Annuities. Itemize and name each issuer. | X | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. § 503(b) (1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**In re: REICHHOLD HOLDINGS US, INC.**                                    **Case No.: 14-12237 (MFW)**

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Net Book Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. |  | SEE EXHIBIT-B13 | $0.00 |
| 14.   Interests in partnerships or joint ventures. Itemize. | X |  |  |
| 15.   Government and corporate bonds and other negotiable and non-negotiable instruments. | X |  |  |
| 16.   Accounts receivable. | X |  |  |
| 17.   Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X |  |  |
| 18.   Other liquidated debts owing debtor including tax refunds. Give particulars. | X |  |  |
| 19.   Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A of Real Property. | X |  |  |
| 20.   Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X |  |  |
| 21.   Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X |  |  |
| 22.   Patents, copyrights, and other intellectual property. Give particulars. | X |  |  |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**In re: REICHHOLD HOLDINGS US, INC.**    **Case No.: 14-12237 (MFW)**

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Net Book Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41a)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | |
| 26. Boats, motors, and accessories. | X | | |
| 27. Aircraft and accessories. | X | | |
| 28. Office equipment, furnishings, and supplies. | X | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | |
| 30. Inventory. | X | | |
| 31. Animals. | X | | |
| 32. Crop - growing or harvested. Give particulars. | X | | |
| 33. Farm equipment and implements. | X | | |
| 34. Farm supplies, chemicals, and feed. | X | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | |
| | | **TOTAL:** | $0.00 |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re: **REICHHOLD HOLDINGS US, INC.**                    Case No.: **14-12237 (MFW)**

## SCHEDULE B - PERSONAL PROPERTY
## EXHIBIT   B13

| Asset Id | Description | Location | Net Book Value |
|---|---|---|---|
| 429 | REICHHOLD, INC. - 100% OF COMMON STOCK | 1035 SWABIA CT.<br>DURHAM, NC 27703 | $0.00 |
| | | **TOTAL:** | $0.00 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:  **REICHHOLD HOLDINGS US, INC.**                    Case No.:   **14-12237 (MFW)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable.  If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C.§ 112 and Fed. R. Bankr. P.1007(m).  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule.  Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules.

[  ] Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

**See Attached**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

In re: REICHHOLD HOLDINGS US, INC.                                    Case No.: 14-12237 (MFW)

## SCHEDULE D - CREDITORS HOLDING SECURED  CLAIMS

| Creditor's Name and Mailing Address Including Zip Code | Date Claim Was Incurred, Nature of Lien, and Description and Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Co-Debtor | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| **Sub Schedule:    SECURED LENDERS** | | | | | | | |
| BANK OF AMERICA, N.A., AS AGENT 300 GALLERIA PARKWAY, SUITE 800 ATLANTA  GA  30339<br><br>Creditor: 24616 - AX | DATE CLAIM WAS INCURRED: MAY 20, 2014<br><br>GRANTED SECURITY INTEREST IN SUBSTANTIALLY ALL ASSETS OTHER THAN EQUITY INTERESTS HELD BY REICHHOLD HOLDINGS US, INC., PURSUANT TO FIFTEENTH AMENDMENT TO CREDIT AGREEMENT DATED MAY 20, 2014 | X | | | X | $73,017,116.72 | UNKNOWN |
| WELLS FARGO BANK, NATIONAL ASSOCIATION AS COLLATERAL AGENT UNDER THE PLEDGE & SECURITY AGREEMENT FOR 9%/11% SENIOR SECURED NOTES DUE 2017 301 SOUTH COLLEGE ST., 5TH FL CHARLOTTE  NC  28202<br><br>Creditor: 24618 - AX | DATE CLAIM WAS INCURRED: MAY 9, 2012<br><br>GRANTED SECURITY INTEREST IN SHARES OF COMMON STOCK OF REICHHOLD, INC., IN CONNECTION WITH INDENTURE DATED AS OF MAY 8, 2012 | X | | | X | $255,395,165.00 | UNKNOWN |
| **TOTAL SUB SCHEDULE:  SECURED LENDERS** | | | | | | **$328,412,281.72** | UNKNOWN |
| **TOTAL SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS:** | | | | | | **$328,412,281.72** | UNKNOWN |

PAGE TOTAL:          $328,412,281.72      UNKNOWN

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:  **REICHHOLD HOLDINGS US, INC.**                    Case No.:   **14-12237 (MFW)**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule.  In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet.  Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet.  Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedules. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liability and Related Data.

Report the total of amounts _not_ entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet.  Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedules. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liability and Related Data.

[ ]      Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]        **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the Debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]        **Extensions of Credit in an Involuntary Case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

---

In re:  **REICHHOLD HOLDINGS US, INC.**                              Case No.:   **14-12237 (MFW)**

---

[ ]        **Wages, Salaries, and Commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475.00* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]        **Contributions to Employee Benefit Plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

[ ]        **Certain Farmers and Fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

[ ]        **Deposits by Individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

[X]        **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ]        **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

[ ]        **Claims for Death or Personal Injury While Debtor was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*  Amounts are subject to adjustment on April 1, 2016, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**See Attached**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**In re: REICHHOLD HOLDINGS US, INC.**                    **Case No.: 14-12237 (MFW)**

## SCHEDULE E - CREDITORS HOLDING UNSECURED  PRIORITY CLAIMS

**Type of Priority for Claims Listed on this Sheet**

| Creditor's Name and Mailing Address Including Zip Code | Date Claim Was Incurred and Consideration for Claim. | Contingent | Unliquidated | Disputed | Co-Debtor | Total Amount of Claim | Amount Entitled to Priority | Amount Not Entitled to Priority, If any |
|---|---|---|---|---|---|---|---|---|
| **Sub Schedule:    TAXES & EMPLOYEE** | | | | | | | | |
| DELAWARE DIV OF CORPORATIONS INSOLVENCY DEPT PO BOX 898 DOVER  DE  19903 Creditor: 10541 - 96 | FRANCHISE TAX | | | | | $168.75 | UNKNOWN | UNKNOWN |
| **TOTAL SUB SCHEDULE:  TAXES & EMPLOYEE** | | | | | | **$168.75** | **$0.00** | **$0.00** |
| **TOTAL - CREDITORS HOLDING UNSECURED  PRIORITY CLAIMS:** | | | | | | **$168.75** | **$0.00** | **$0.00** |

**PAGE TOTAL:**                    <u>**$168.75**</u>            <u>**$0.00**</u>            <u>**$0.00**</u>

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:  **REICHHOLD HOLDINGS US, INC.**                          Case No.:   **14-12237 (MFW)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account  number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated. "  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in  more than one of these three columns.)

Report total of all claims listed in this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

[X] Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**In re:  REICHHOLD HOLDINGS US, INC.**                    **Case No.:   14-12237 (MFW)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.

State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.

Provide the names and complete mailing addresses of all other parties to each lease or contract described.
If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C.§ 112; Fed. R.Bankr.P. 1007(m).

**See Attached**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

In re:   **REICHHOLD HOLDINGS US, INC.**                                    Case No.: 14-12237 (MFW)

## Schedule G - Executory Contracts and Unexpired Leases

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential Real Property. State Contract Number of Any Government Contract. |
|---|---|
| **Sub Schedule:** | **REAL PROPERTY LEASES** |
| CASSIDY TURLEY COMMERCIAL REAL ESTATE SERVICES INC. 721 EMERSON STE 505 ST LOUIS  MO  63141 Creditor: 16496 | LEASE FOR NON-RESIDENTIAL REAL PROPERTY DATED: 01/02/2014 |
| CSRA NEWCASTLE NORTH DST C/O CAPITAL SQUARE HOLDINGS 10900 NUCKOLS RD STE 200 GLEN ALLEN  VA  23060 Creditor: 16497 | LEASE FOR NON-RESIDENTIAL REAL PROPERTY DATED: 04/08/2014 |
| RTP LLC ONE TOWNE SQ STE 1600 SOUTHFIELD  MI  48076 Creditor: 16495 | LEASE FOR NON-RESIDENTIAL REAL PROPERTY DATED: 10/02/2007 |
| SOUTHERN IONICS INC. PREVIOUSLY KOPPERS COMPANY INC 201 COMMERCE ST PO DRAWER 1217 WEST POINT  MS  39773 Creditor: 13569 | LEASE FOR NON-RESIDENTIAL REAL PROPERTY PROPERTY LOCATION: TUSCALOOSA, AL |
| SOUTHERN IONICS INCORPORATED PO DRAWER 1217 201 COMMERCE ST WEST POINT  MS  39773 Creditor: 13573 | LEASE FOR NON-RESIDENTIAL REAL PROPERTY PROPERTY LOCATION: TUSCALOOSA, AL |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**In re:   REICHHOLD HOLDINGS US, INC.**                          **Case No.:   14-12237 (MFW)**

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.

If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C.§ 112; Fed. R. Bankr.P. 1007(m).

**See Attached**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:  **REICHHOLD HOLDINGS US, INC.**                    Case No.:   **14-12237 (MFW)**

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.

| Name and Address of Creditor | Name and Address of Codebtor |
| --- | --- |
| BANK OF AMERICA, N.A.,<br>AS AGENT IN CONNECTION WITH FIFTEENTH AMENDMENT<br>TO CREDIT AGREEMENT DATED MAY 20, 2014 | REICHHOLD INDUSTRIES LIMITED<br>50 DOUGLAS STREET<br>PORT MOODY  BC  V3H 3L9  CANADA |
| BANK OF AMERICA, N.A.,<br>AS AGENT IN CONNECTION WITH FIFTEENTH AMENDMENT<br>TO CREDIT AGREEMENT DATED MAY 20, 2014 | REICHHOLD, INC.<br>1035 SWABIA COURT<br>DURHAM  NC  27703 |
| WELLS FARGO NATIONAL ASSOCIATION,<br>AS COLLATERAL AGENT IN CONNECTION WITH INDENTURE<br>DATED AS OF MAY 8, 2012 | REICHHOLD CORPORATE HOLDINGS II B.V.<br>LICHTENAUERLAAN 102-120<br>3062 ME ROTTERDAM<br>NETHERLANDS |
| WELLS FARGO NATIONAL ASSOCIATION,<br>AS COLLATERAL AGENT IN CONNECTION WITH INDENTURE<br>DATED AS OF MAY 8, 2012 | REICHHOLD INDUSTRIES, INC.<br>1035 SWABIA COURT<br>DURHAM  NC  27703 |
| WELLS FARGO NATIONAL ASSOCIATION,<br>AS COLLATERAL AGENT IN CONNECTION WITH INDENTURE<br>DATED AS OF MAY 8, 2012 | REICHHOLD, INC.<br>1035 SWABIA COURT<br>DURHAM  NC  27703 |