## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
                                          :   Chapter 11
In re:                                    :
                                          :   Case No. 14-12237 (MFW)
REICHHOLD HOLDINGS US, INC., et al.,      :
                                          :   Jointly Administered
              Debtors.¹                   :
                                          :   Related to Docket No. 1087  and 1250
-------------------------------------------------------x
```

**ORDER (A) APPROVING DISCLOSURE STATEMENT; (B) SCHEDULING HEARING ON CONFIRMATION OF PLAN; (C) ESTABLISHING DEADLINES AND PROCEDURES FOR (I) FILING OBJECTIONS TO CONFIRMATION OF PLAN AND (II) TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES; (D) DETERMINING TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT OR DISPUTED CLAIMS FOR NOTICE AND VOTING PURPOSES; (E) SETTING RECORD DATE; (F) APPROVING (I) SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (II) FORM OF NOTICE OF HEARING ON CONFIRMATION  AND RELATED MATTERS AND (III) FORMS OF  BALLOTS; (G) ESTABLISHING VOTING DEADLINE AND PROCEDURES FOR TABULATION OF VOTES; AND (H) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")² of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order, pursuant to sections 105, 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code"), Rules 2002, 3003, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) approving a disclosure statement; (b) scheduling a hearing on confirmation of a plan; (c) establishing deadlines and procedures for (i) filing objections to confirmation of the plan and (ii) temporary allowance of claims for voting purposes; (d)

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Reichhold Holdings US, Inc. (5768), Reichhold Liquidation, Inc. (f/k/a Reichhold, Inc.) (4826), Canadyne Corporation (7999), and Canadyne-Georgia Corporation (7170).  The street address for the Debtors is 1035 Swabia Ct., Durham, North Carolina 27703.

² Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

determining the treatment of certain unliquidated, contingent or disputed claims for notice and

voting purposes; (e) setting a record date; (f) approving (i) solicitation packages and procedures

for distribution, (ii) the form of notice of the hearing on confirmation and related matters and (iii)

forms of ballots; (g) establishing a voting deadline and procedures for tabulation of votes; and

(h) granting related relief; and the Debtors having filed the Second Amended Plan Of

Liquidation Pursuant To Chapter 11 Of The Bankruptcy Code Proposed By The Debtors [Docket

No. 1247] (as may be amended, supplemented or otherwise modified, the "Plan")[3] and the

Second Amended Disclosure Statement With Respect to Plan Of Liquidation Pursuant To

Chapter 11 Of The Bankruptcy Code Proposed By The Debtors [Docket No. 1246] (as may be

amended, supplemented or otherwise modified, the "Disclosure Statement")[4]; and this Court

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28

U.S.C. § 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due

and proper notice of the Motion having been provided; and it appearing that no other or further

notice need be provided; and all objections to the Disclosure Statement having been withdrawn

or overruled for reasons stated on the record at the hearing to consider approval of the Disclosure

Statement and on the Motion; and the Court having determined that the relief sought in the

Motion is in the best interests of the Debtors, their creditors and all other parties in interest; and

this Court having determined that the legal and factual bases set forth in the Motion establish just

---

[3] The Plan Of Liquidation Pursuant To Chapter 11 Of The Bankruptcy Code Proposed By The Debtors was originally filed on September 15, 2015 [Docket No. 1043] and the First Amended Plan of Liquidation was filed on November 12, 2015 [Docket No. 1203].

[4] The Disclosure Statement With Respect to Plan Of Liquidation Pursuant To Chapter 11 Of The Bankruptcy Code Proposed By The Debtors was originally filed on September 15, 2015 [Docket No. 1042] and the First Amended Disclosure Statement was filed on November 12, 2015 [Docket No. 1202].

2

cause for the relief granted herein; and upon the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, it is hereby

     **ORDERED, ADJUDGED AND DECREED THAT:**

     1.     The Motion is GRANTED.

     2.     The Disclosure Statement is hereby APPROVED in all respects pursuant to 11 U.S.C. § 1125 and Fed. R. Bankr. P. 3017(b).

     3.     The Disclosure Statement Notice was appropriate, and constitutes good and sufficient notice to all interested parties and no other or further notice need be provided.

     4.     <u>Confirmation Hearing Date.</u> The hearing (the "<u>Confirmation Hearing</u>") to consider confirmation of the Plan shall commence on **January 13, 2016 at 2:00 p.m. (Eastern Time)** (the "<u>Confirmation Hearing Date</u>"), or as soon thereafter as counsel can be heard before the Honorable Mary F. Walrath, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 4, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time by way of announcement of such continuance in open court or otherwise, without further notice to parties in interest.

     5.     <u>Deadline and Procedures for Filing Objections to Confirmation.</u> The deadline for filing and serving objections to confirmation of the Plan (the "<u>Plan Objection Deadline</u>") shall be **January 6, 2016 at 4:00 p.m. (Eastern Time)**. In order to be considered, objections, if any, to confirmation of the Plan must (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtors, their estates or property; (d) state with particularity the legal and factual bases and nature of any objection to the Plan; (e) be filed with the Court, and served on the following, so as to be

received on or before the Plan Objection Deadline: (i) Debtors' counsel, Cole Schotz P.C., 500

Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: Norman L. Pernick, Esq.

(npernick@coleschotz.com) and Marion M. Quirk, Esq. (mquirk@coleschotz.com), (ii) counsel

to the Committee, Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware

19801, Attn: Bonnie Glantz Fatell, Esq. (Fatell@BlankRome.com), and Hahn & Hessen LLP,

448 Madison Avenue, New York, New Your 10022, Attn: Mark S. Indelicato, Esq.

(MIndelicato@hahnhessen.com) and Janine M. Figueiredo, Esq. (jfigueiredo@hahnhessen.com),

and (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35,

Wilmington, Delaware 19801, Attn: Mark S. Kenney, Esq. (Mark.Kenney@usdoj.gov)

(collectively, the "Notice Parties"). Confirmation objections shall be filed and served so as to be

received by the Notice Parties no later than the Plan Objection Deadline.

6.      Objections to confirmation of the Plan not timely filed and served in accordance

with the provisions of the prior paragraph shall not be considered by the Court and shall be

overruled.

7.      Deadline and Procedures for Temporary Allowance of Claims for Voting

Purposes. The deadline for filing and serving motions pursuant to Bankruptcy Rule 3018(a)

seeking temporary allowance of claims for the purpose of accepting or rejecting the Plan ("Rule

3018(a) Motions") shall be **December 28, 2015 at 4:00 p.m. (Eastern Time)** (the "Rule 3018(a)

Motion Deadline").

8.      In order to be considered, Rule 3018(a) Motions must: (a) be made in writing; (b)

comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) state the name

and address of the party asserting the 3018(a) Motion; (d) state with particularity the legal and

factual bases for the Rule 3018(a) Motion; and (e) be filed with the Court, and served on the

Notice Parties, so as to be received no later than the Rule 3018(a) Motion Deadline. Rule

4

3018(a) Motions not timely filed and served in accordance with the foregoing provision shall not be considered by the Court and shall be overruled.

9.        Any party timely filing and serving a Rule 3018(a) Motion shall be provided a Ballot (as defined below) and shall be permitted to cast a provisional vote to accept or reject the Plan in the amount and classification and against the Debtor specified in the applicable Rule 3018(a) Motion, pending a final determination by the Court.  As to any creditor filing such a Rule 3018(a) Motion, such creditor's ballot shall not be counted unless temporarily allowed by an order by the Court before the Voting Deadline.

10.        Treatment of Certain Unliquidated, Contingent or Disputed Claims for Notices and Voting Purposes.  Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7) and 3003(c)(2) and this Court's order [Docket No. 536] (the "Bar Date Order") establishing certain deadlines (the "Bar Dates") for filing proofs of claim against the Debtors, including a General Bar Date, Governmental Bar Date, Amended Schedules Bar Date, Rejection Bar Date and Administrative Claims Bar Date (as such terms are defined in the Bar Date Order), any creditors whose claims (a) are scheduled in the Debtors' schedules of assets and liabilities (as the same may be amended, the "Schedules") as disputed, contingent or unliquidated and which are not the subject of a timely-filed proof of claim, or a proof of claim deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law; (b) are not scheduled and are not the subject of a timely-filed proof of claim, or a proof of claim deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law; or (c) are subject to an objection by the Record Date (defined below) seeking to disallow the claim in its entirety (i) unless such holders have filed a Rule 3018(a) Motion and had its claims temporarily allowed for voting purposes, or (ii) except to

5

the extent that on or before the Voting Deadline, the objection to such claim has been withdrawn or resolved in favor of the creditor asserting the claim (the "Non-Voting Claims"), shall be denied treatment as creditors with respect to such claims for purposes of (a) voting on the Plan and (b) receiving notices, other than by publication, regarding the Plan; provided however, Claims Subject to Objection shall receive a Notice of Non-Voting Status With Respect to Disputed Claims as set forth in Paragraph 16 of this Order.

11. **Voting Procedures.** For purposes of voting, the prepetition amount of a claim used to calculate acceptance or rejection of the Plan under section 1126 of the Bankruptcy Code shall be determined in accordance with the following hierarchy:

      a.    if an order has been entered by the Court determining the amount of such claim, whether pursuant to Bankruptcy Rule 3018 or otherwise, then in the amount prescribed by the order;

      b.    if no such order has been entered, then in the liquidated amount contained in a timely-filed proof of claim that is not the subject of an objection as of the Record Date;

      c.    if no such proof of claim has been timely filed, then in the liquidated, noncontingent and undisputed amount contained in the Debtors' Schedules; and

      d.    if the claim is the subject of an objection by the Record Date (as defined below), then in accordance with the relief requested in such objection.

12. For purposes of voting, the following conditions shall apply to determine the prepetition amount of a claim:

      a.    if a claim is partially liquidated and partially unliquidated, such claim shall be allowed for voting purposes only in the liquidated amount; provided, however, that such liquidated amount in whole or in part is neither contingent nor estimated (if the entire liquidated amount is either contingent or estimated then the claim shall be allowed for voting purposes in the amount of $1.00, subject to the right of such holder to file a Rule 3018(a) Motion); provided further, however, that such holder of a prepetition timely filed proof of claim that is entitled to vote in the amount of $1.00 shall not be included in the Convenience Class (as defined in the Plan); and

6

b.    the holder of a prepetition timely-filed proof of claim that is wholly unliquidated general unsecured amount, wholly contingent, disputed and/or unknown amount, and is not the subject of an objection as of the Record Date, is entitled to vote in the amount of $1.00, subject to the right of such holder to file a Rule 3018(a) Motion ; provided, however, that such holder of a prepetition timely filed proof of claim that is entitled to vote in the amount of $1.00 shall not be included in the Convenience Class (as defined in the Plan).

13.    In accordance with the Orders Authorizing the Claims and Noticing Agent to Mark Claim as Satisfied [Docket Nos. 898, 954, 955 and 1073], (a) the holders of Satisfied Claims (as defined in the Order) that have been satisfied in full shall have no right to vote on the Plan or receive another distribution from the Debtors or their estates on account of those Satisfied Claims and (b) the holders of Satisfied Claims that have been satisfied in part have no right to vote on the Plan or receive another distribution from the Debtors or their estates on account of the satisfied portions of those Satisfied Claims.

14.    Record Date. The record date for purposes of determining (a) creditors and equity holders entitled to receive Solicitation Packages and related materials, if any, and (b) creditors entitled to vote to accept or reject the Plan and the creditors' corresponding claims, shall be **November 10, 2015** (the "Record Date").

15.    Notice and Transmittal of Solicitation Packages Including Ballots and Non-Voting Notices. Within five (5) business days after the date an order approving the Disclosure Statement as containing adequate information is entered by the Court, the Debtors shall mail or cause to be mailed by first-class mail or electronic mail with consent to all of their known creditors, equity security holders as of the Record Date, the indenture trustee under the Senior Secured Notes, all other entities required to be served under Bankruptcy Rules 2002 and 3017 and holders of Satisfied Claims, notice of, *inter alia*, the Confirmation Hearing substantially in the form attached hereto as Exhibit A (the "Confirmation Hearing Notice"), which form is hereby approved.

52719/0001-12431747v3

16.     Non-Voting Notices. In addition, the Debtors shall mail or cause to be mailed by first-class mail to (a) holders of claims in Class 1 (Secured Claims) and Class 2 (Priority Non-Tax Claims) under the Plan, which classes are unimpaired, are deemed to have accepted the Plan and are not entitled to vote, a copy of the Notice Of Non-Voting Status With Respect To Unimpaired Classes, substantially in the form attached hereto as Exhibit B-1; (b) holders of claims or interests in Class 5 (Intercompany Claims) and Class 6 (Interests) under the Plan, which classes are impaired and will receive no distribution under the Plan, are deemed to have rejected the Plan and are not entitled to vote, a copy of the Notice of Non-Voting Status With Respect To Impaired Classes, substantially in the form attached hereto as Exhibit B-2; and (c) holders of Non-Voting Claims and Claims Subject to Objection, a copy of the Notice of Non-Voting Status With Respect to Disputed Claims, substantially in the form attached hereto as Exhibit B-3 (each a "Non-Voting Notice"). The Notice of Non-Voting Status With Respect To Unimpaired Classes, substantially in the form of Exhibit B-1, the Notice of Non-Voting Status With Respect To Impaired Classes, substantially in the form of Exhibit B-2, and the Notice of Non-Voting Status With Respect to Disputed Claims, substantially in the form of Exhibit B-3, are hereby approved. Further, the Non-Voting Notices are hereby deemed to constitute adequate alternative disclosure statements to impaired non-voting classes under 11 U.S.C. § 1125(c) and summary plans under Bankruptcy Rule 3017(d).

17.     Solicitation Packages. The Debtors shall mail or cause to be mailed by first-class mail to holders of claims in Class 3 (General Unsecured Claims) and Class 4 (Convenience Claims) under the Plan, who are entitled to vote on the Plan, an information and solicitation package (the "Solicitation Package"). The Solicitation Package shall contain copies or conformed printed versions of: (i) the Disclosure Statement, including a copy of the Plan as an Exhibit; (ii) a copy of the Order approving the Disclosure Statement (without exhibits) (the

8

"Solicitation Procedures Order"); (iii) the Confirmation Hearing Notice; and (iv) at the option of

the Committee, a letter from the Committee setting forth its recommendations with respect to the

Plan. In addition, each Solicitation Package also shall contain one or more ballots (and a pre-

addressed return envelope) appropriate for the specific creditor, in substantially the forms of the

proposed ballots collectively attached hereto as Exhibits C-1 through C-3 (as such ballots may be

modified for particular classes and with instructions attached thereto, the "Ballots"), which forms

of Ballots are hereby approved. Except for the holders of the Senior Secured Notes, the

Solicitation Package for holders of claims in Class 3 (General Unsecured Claims) shall include

the Products Insurance Cooperation Agreement.

      18.     The Debtors, at their discretion, may provide the Disclosure Statement, including

the Plan as Exhibit A, and the Solicitation Procedures Order in the form of a CD-ROM in an

Adobe Acrobat (PDF) standard format, rather than in paper copies. Parties may submit a written

request to the Voting Agent if they prefer paper copies of the Disclosure Statement and Plan and

all such requests will be fulfilled.

      19.     Creditors holding unclassified claims, impaired claims deemed to have rejected

the Plan, unimpaired claims and also claims in a class that is designated as impaired and entitled

to vote under the Plan shall be required to receive only the Solicitation Package appropriate for

the impaired class entitled to vote and creditors who have filed duplicate claims in any given

class, or who have asserted guarantee or other multi-debtor claims for the same underlying

liability that are classified in the same class should be required to receive only one Solicitation

Package and one Ballot for voting their claims with respect to that class.

      20.     Procedures for Transmittal to Record Holders of Public Securities. The

Solicitation Package shall be mailed in accordance with the procedures outlined above to

(a) each holder of record of the Debtors' Senior Secured Notes (the "Senior Secured Notes") as

9

of the Record Date, and (b) each broker, commercial bank, transfer agent, trust company, dealer or other intermediary or nominee, or agent thereof (each a "Nominee") identified as per the paragraph below as an entity through which beneficial holders indirectly hold the Senior Secured Notes. The Debtors are authorized to send Solicitation Packages to Nominees in the format of a CD-ROM in an Adobe Acrobat (PDF) standard format and/or via electronic transmission in accordance with customary requirements of each Nominee.

21.    Labels for Record Holders. Wells Fargo, as indenture trustee for the Senior Secured Notes, shall, at the request of the Debtors, timely cooperate in (i) providing the Voting Agent with the names, addresses, account numbers and holdings of the respective holders as of the Record Date, in an electronic file or disk; and (ii) ordering a securities position report, in an electronic file or disk, reflecting the nominees holding the respective securities in street name as of the Record Date for the Senior Secured Notes.

22.    Dissemination to Beneficial Holders. The Nominees through which beneficial holders hold Senior Secured Notes shall promptly distribute Solicitation Packages to such holders, and cooperate with the Voting Agent to accomplish such distribution, in any case no later than five (5) business days after receipt by the Nominees of the Solicitation Packages.

23.    Voting By Beneficial Holders of Senior Secured Notes. Nominees shall obtain the votes of beneficial holders of Senior Secured Notes by forwarding the Solicitation Package to each beneficial holder of the Senior Secured Notes for whom it acts as a Nominee for voting so that the beneficial holder may return its vote directly to its Nominee. The Voting Agent shall send Solicitation Packages in the form of a CD-ROM in an Adobe Acrobat (PDF) standard format or via electronic transmission in accordance with the customary requirements of each Nominee. Each Nominee shall then distribute the Solicitation Packages, as appropriate, in accordance with their customary practices and obtain votes to accept or reject the Plan also in

10

accordance with their customary practices. If it is the Nominee's customary and accepted practice to submit a "voting instruction form" to the beneficial holders for the purpose of recording the beneficial holder's vote, the Nominee is authorized to send the voting information form in lieu of a Beneficial Ballot. Nominees shall summarize the individual votes of their respective beneficial holders from their beneficial holder Ballots on a master Ballot, in substantially the form of the Master Ballot attached hereto as <u>Exhibit C-4</u> (each, a "<u>Master Ballot</u>"), as applicable, and then return the Master Ballot to the Voting Agent. The Master Ballot substantially in the form attached hereto as <u>Exhibit C-4</u> is hereby approved.

24.    The Debtors are authorized to reimburse such Nominees for their reasonable, actual and necessary out-of-pocket expenses incurred in performing the tasks described above upon written request by such entities, with supporting documentation (subject to this Court retaining jurisdiction to resolve any disputes regarding any request for reimbursement).

25.    <u>When No Notice or Transmittal Necessary</u>. Notwithstanding any provision of this Order to the contrary, no notice or service of any kind shall be required to made upon any person to whom the Debtors mailed a notice of the meeting of creditors under section 341 of the Bankruptcy Code or notice of the bar date for filing proofs of claim and received either of such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved – left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtors have been informed in writing by such person of that person's new address.

26.    The Debtors shall not re-mail undelivered Solicitation Packages or other undeliverable solicitation-related notices that were returned marked "undeliverable as addressed," "moved – left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtors have been informed in writing by such person of that person's new address.

11

27.    Publication Notice. The Debtors shall publish notice of the Confirmation Hearing, substantially in the form attached hereto as Exhibit D (which form is hereby approved), once within ten (10) business days after the entry of the Solicitation Procedures Order in the national edition of The Wall Street Journal and USA Today.

28.    Voting Deadline. To be counted, Ballots (including Master Ballots) for accepting or rejecting the Plan must be received by the Voting Agent by **4:00 p.m. (Eastern Time) on January 4, 2016** (the "Voting Deadline"). The Debtors are hereby authorized to extend, in their sole discretion, by written notice to the Voting Agent prior to the Voting Deadline, the period of time during which Ballots and Master Ballots will be accepted for any reason from any creditor or class of creditors.

29.    Procedures for Vote Tabulation; Votes Counted. Any Ballot or Master Ballot, as appropriate, that is properly executed and timely received, and that is cast as either an acceptance or rejection of the Plan, shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan. The failure of a holder of a claim in Classes 3 or 4 to timely deliver an executed Ballot or Master Ballot shall be deemed to constitute an abstention by such holder with respect to voting on the Plan, and such abstention will not be counted as a vote for or against the Plan.

30.    For purposes of voting, Ballots of creditors who have filed duplicate claims in any given class, or who have asserted guarantee or other multi-debtor claims for the same underlying liability that are classified in the same class shall only be counted once.

31.    Holders of claims in Class 3 that make an election to be treated as a Convenience Class (as defined in the Plan) claim shall be counted as a Class 4 claim in the amount of $9,999.00 for purposes of voting.

12

32.     The claims filed by United State America on behalf of the EPA, DOI and NOAA covering Claims Nos. 4808-4816 shall be aggregated so that the United States of America shall receive one Ballot for Class 3 (General Unsecured Claims) listing $19.801 million as the amount for  voting purposes only.

33.     For purposes of the Record Date, no transfer of claims pursuant to Bankruptcy Rule 3001 shall be recognized unless either (i) (a) documentation evidencing such transfer was filed with the Court on or before twenty-one (21) days prior to the Record Date and (b) no timely objection with respect to such transfer was filed by the transferor; or (ii) the parties to such transfer waived the twenty-one (21) day period in the evidence of transfer and the evidence of transfer was docketed prior to the Record Date.

34.     <u>Procedures for Vote Tabulation; Votes Not Counted.</u>  Unless otherwise ordered by the Court after notice and a hearing, the following Ballots or Master Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

a.      any Ballot or Master Ballot received after the Voting Deadline (as extended by the Debtors as provided herein);

b.      any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

c.      any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

d.      except as provided in paragraph 12 above, any Ballot cast for a claim designated as contingent, unliquidated or disputed or as zero or unknown in amount and for which no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline;

e.      any Ballot or Master Ballot that indicates neither an acceptance nor a rejection, or indicates both an acceptance and a rejection, of the Plan;

f.      any Ballot (other than a Master Ballot) that casts part of its vote in the same class to accept the Plan and part to reject the Plan;

13

g.  any form of Ballot or Master Ballot other than the official form sent by the Voting Agent, or a copy thereof;

h.  any Ballot received that the Voting Agent cannot match to an existing database record;

i.  any Ballot or Master Ballot that does not contain an original signature; or

j.  any Ballot (other than a Master Ballot that may be submitted by facsimile with the original signature to be received no later than 2 days after the Voting Deadline) that is submitted by facsimile, email or by other electronic means; provided, however, the Debtors, in consultation with the Committee, may waive this requirement.

35.  Neither the Debtors, the Voting Agent nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots or Master Ballots. Rather, the Voting Agent may either disregard, with no further notice, defective Ballots or Master Ballots, or it may attempt to have defective Ballots or Master Ballots cured.

36.  <u>Withdrawal of Vote</u>.  Any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw, subject to the Debtors' right to contest the validity of such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. A notice of withdrawal, to be valid, shall (a) contain the description of the claim(s) to which it relates and the aggregate principal amount represented by such claim(s), (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (c) contain a certification that the withdrawing party owns the claim(s) and possesses the right to withdraw the Ballot sought to be withdrawn, and (d) be timely received by the Voting Agent prior to the Voting Deadline.

37.  <u>Changing Votes</u>.  Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots or Master Ballots are cast voting the same claim(s) prior to the Voting Deadline, the last dated valid Ballot or Master Ballot received prior to the Voting Deadline shall be deemed

14

to reflect the voter's intent and thus supersede any prior Ballots or Master Ballots, as the case may be, without prejudice to the Debtors' right to object to the validity of the later Ballot or Master Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the prior dated valid Ballot or Master Ballot for all purposes.

38.    <u>No Division of Claims or Votes</u>.  Except as it may relate to the procedures implemented with respect to the Master Ballots, a creditor who votes must vote the full amount of each claim voted either to accept or reject the Plan.  The Ballots of creditors failing to vote in the manner specified in this paragraph shall not be counted for any purpose.

39.    <u>Procedures for Counting Ballots from Holders of Senior Secured</u>.  Nominees through which beneficial holders hold Senior Secured Notes shall receive and summarize on a Master Ballot all beneficial holder Ballots cast by the beneficial holders they serve and then return the Master Ballot to the Voting Agent on or before the Voting Deadline.

40.    Nominees shall be required to retain for inspection by the Court for one (1) year following the Voting Deadline the Ballots cast by their beneficial holders.

41.    Votes cast by the beneficial holders through a Nominee and transmitted by means of a Master Ballot shall be applied against the positions held by such Nominees as evidenced by the list of record holders of the Senior Secured Notes or through participation in a securities depository.

42.    To the extent that conflicting, double or over-votes are submitted on Master Ballots, the Voting Agent shall attempt to resolve such votes prior to the vote certification in order to ensure that the votes of beneficial holders of Senior Secured Notes are accurately tabulated.  Further, to the extent that such conflicting, double or over-votes are not reconciled prior to the vote certification, the Voting Agent shall count votes in respect of each Master Ballot

15

in the same proportion as the votes of the beneficial holders or entitlement holders to accept or reject the Plan submitted on such Master Ballot.

43.     Nominees are authorized to complete multiple Master Ballots, and the votes reflected by such multiple Master Ballots should be counted, except to the extent that they are duplicative of the other Master Ballots. If two or more Master Ballots submitted are inconsistent in whole or in part, the last dated valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot, subject to the Debtors' rights to object to the validity of any subsequently-received Master Ballot on any basis permitted by law, including Bankruptcy Rule 3018(a) and, if such objection is sustained, the prior dated valid Master Ballot then shall be counted.

44.     Classes Deemed to Reject. The holders of claims in Classes 6 and 7 shall be deemed to have rejected the Plan, and the Debtors are not required to solicit votes on the Plan from such holders.

45.     Certification of Vote. Logan & Company, Inc. is hereby confirmed as the Voting Agent. The Voting Agent shall file its voting certification (the "Voting Certification") on or before **January 8, 2016**. The Debtors shall serve such Voting Certification on all parties listed on the master service list maintained by the Debtors in the Chapter 11 Cases, and post such Voting Certification on the Debtors' case website as soon as practicable after the Voting Certification is filed.

46.     Plan Supplement. The deadline to file the Plan Supplement (as defined in the Plan) shall be December 30, 2015 for all documents other than the Liquidating Trust Agreement. The deadline to file the Liquidating Trust Agreement shall be December 23, 2015.

47.    <u>Service and Notice Adequate and Sufficient</u>.  Service of all notices and documents described herein in the time and manner set forth herein shall constitute due, adequate and sufficient notice, and no other or further notice shall be necessary.

48.    The Debtors in consultation with the Committee are authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, Ballots, Master Ballots and related documents without further order of the Court, including without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other related materials prior to their mailing to parties in interest.

49.    The Court shall retain jurisdiction to implement, interpret and effectuate the provisions of this Order.


Dated: Wilmington, Delaware
            Nov. 19        , 2015


The Honorable Mary F. Walrath
United States Bankruptcy Judge

17