## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REICHOLD HOLDINGS US, INC., | ) | |
| et al., | ) | |
| | ) | Case No. 14-12237 (MFW) |
| Debtors | ) | Jointly Administered |
| | ) | |
| _____ | ) | |

### MEMORANDUM OPINION[1]

Before the Court is a limited Objection filed by the liquidating trustee (the "Trustee") of Reichhold Holdings US, Inc. (the "Debtor") to an administrative claim for its reclamation rights under section 546(c) filed by Covestro LLC ("Covestro").  For the reasons set forth below, the Trustee's Objection will be overruled.


I.  BACKGROUND

The Debtor filed a chapter 11 bankruptcy petition on September 30, 2014.  (D.I. 1.)  At the time of the filing, the Debtor was a borrower under a prepetition credit facility (the "Prepetition Loan") with Oaktree Capital Management, L.P. (the "Prepetition Lender").  In connection with the Prepetition Loan, the Debtor entered into a security agreement that granted the Prepetition Lender a lien in substantially all of the Debtor's assets, including inventory.

---

[1]  This Memorandum Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

On October 2, 2014, the Court entered an Interim Order authorizing the Debtor to obtain post-petition financing (the "DIP Loan") from a group of lenders (the "DIP Lenders"). The Interim Order authorized the Debtor to repay the Prepetition Loan in full from proceeds of the DIP Loan. (D.I. 54 at p. 9.) The DIP Loan was secured by a first priority lien on all prepetiton and postpetition property of the Debtor's estate, including inventory. (D.I. 54.) The first priority lien, however, did not attach to property that was "subject to valid, perfected and non-avoidable liens (or to valid liens in existence as of the Petition Date that are subsequently perfected as permitted by section 546(b) of the Bankruptcy Code." (Id. at p. 21.) The DIP Loan was subsequently repaid from the sale of the Debtor's assets on September 15, 2015. (D.I. 1042.) On January 13, 2016, the Court confirmed the Debtor's plan of liquidation. (D.I. 1385.)

Within days of the bankruptcy filing (on October 3, 2014), Covestro delivered a written reclamation demand to the Debtor. (See POC 4905, Ex. A.) On December 24, 2014, Covestro filed a proof of claim in the amount of $965,248.14. (See POC 167.) Thereafter, Covestro and the Debtor entered into a critical vendor agreement, pursuant to which the Debtor agreed to make certain payments to Covestro. In turn, Covestro agreed to amend its proof of claim after each payment to reflect the reduction in the net amount owed. Pursuant to that agreement, Covestro

2

amended its proof of claim twice.  The two payments made by the
Debtor satisfied the section 503(b)(9) portion of Covestro's
claim (for goods delivered within 20 days of the petition date)
but did not pay its claim in full.

On October 1, 2015, Covestro filed a proof of claim (the
"Reclamation Claim") seeking $411,781.72 as an administrative
expense.  The Reclamation Claim sought the value of goods
delivered to the Debtor between 21 and 45 days prior to the
commencement of the Debtor's bankruptcy case.  The Debtor filed a
limited objection to the Reclamation Claim on May 26, 2016, on
the ground that the Reclamation Claim was rendered valueless when
the Prepetition Loan was repaid.  (D.I. 1563).  Covestro
responded to the objection on June 9, 2016, and the Court heard
oral argument on June 27, 2016.  (D.I. 1569).  The matter is now
ripe for decision.


II.  <u>JURISDICTION</u>

The Court has subject matter jurisdiction over this
contested matter.  28 U.S.C. §§ 1334(b) & 157(b)(1).  The
Court may enter a final order in proceedings concerning claim
allowance.  <u>Stern v. Marshall</u>, 131 S. Ct. 2594, 2611 (2011).

III. <u>DISCUSSION</u>

   A.   <u>Legal Standard</u>

   Section 546(c) recognizes a vendor's right of reclamation

for goods sold to a debtor.  It provides

> that subject to the prior rights of a holder of a
> security interest in such goods or the proceeds thereof
> . . . a seller of goods that has sold goods to the
> debtor in the ordinary course of such seller's business
> [has the right] to reclaim such goods if the debtor has
> received [them] while insolvent within 45 days before
> the commencement of a case under this title.

11 U.S.C. § 546(c).  Section 546(c) does not create an

independent right of reclamation; rather, it permits an exception

to the trustee's strong arm powers if the seller has a right of

reclamation under state law.  <u>Allegiance Healthcare Corp. v.

Primary Health Sys. (In re Primary Health Sys., Inc.)</u>, 258 B.R.

111, 114 (Bankr. D. Del. 2001) (citations omitted).  In order to

prevail, a reclaiming seller must be able to prove that it had a

valid right of reclamation under state law.  <u>Circuit City Stores,

Inc.</u>, 441 B.R. 496, 505 (Bankr. E.D. Va. 2010) (citation

omitted).

   A seller seeking reclamation under section 2-702 of the

Uniform Commercial Code ("UCC") and Bankruptcy Code section

546(c) must prove four elements: (1) the debtor was insolvent

when the goods were delivered; (2) a written demand was made not

later than 45 days of the debtor's receipt of such goods, or not

later than 20 days following the petition date if the 45-day

4

period expires post-petition; (3) the goods were identifiable at the time of demand; and (4) the goods were in possession of the debtor at the time of demand.  In re Hechinger Inv. Co. of Delaware, Inc., 274 B.R. 402, 405 (Bankr. D. Del. 2001) (citations omitted).

The UCC, as adopted in Pennsylvania,[2] provides that "[w]here a seller discovers that a buyer has received goods on credit while insolvent he may reclaim the goods."  13 Pa. Stat. and Cons. Stat. Ann. § 2702(2).  A seller's right to reclaim is subject to the rights of a buyer in the ordinary course of business or other good faith purchaser.  13 Pa. Stat. and Cons. Stat. Ann. § 2702(3).  However, the mere presence of a secured creditor with superior rights under UCC section 2-702(3) does not extinguish a vendor's reclamation rights.  In re Pester Ref Co., 964 F.2d 842, 846 (8th Cir. 1992); United States v. Westside Bank, 732 F.2d 1259 (5th Cir. 1984).

B.   Prior Rights

The Trustee contends that the DIP Lenders' rights, though granted after Covestro's reclamation rights arose, relate back to the Prepetition Lender's rights because the DIP Loan repaid the Prepetition Loan.  Therefore, the Trustee contends that the two liens should be viewed as an "integrated transaction."  In re Dana Corp. 367 B.R. 409, 420 (Bankr. S.D.N.Y. 2007) (quoting In

---

[2]  Pennsylvania law governs the instant dispute.  (See POC 4905, Ex. B at 4.)

re Dairy Mart Convenience Stores, Inc., 302 B.R. 128 (Bankr.
S.D.N.Y. 2003)).  Based on the theory that the goods were used to
repay the Prepetition Lender, the Trustee further contends that
Covestro's rights were extinguished when the Debtor repaid the
Prepetition Loan because reclamation permits a seller to reclaim
only the goods themselves.  Circuit City, 441 B.R. at 510-11.

Covestro responds that its reclamation rights are not
subject to the DIP Lenders' rights because the DIP Lenders'
floating lien was distinct and separate from the Prepetition
Lender's lien, and arose after Covestro's rights arose.

The Trustee's position is supported by the Dairy Mart and
Dana Corp. decisions by the Bankruptcy Court for the Southern
District of New York.  In Dairy Mart, the Court held that where a
prepetition secured lender had a floating lien on inventory and
was paid from the proceeds of a post-petition loan supported by a
new floating lien, the goods securing the prepetition lender's
debt were effectively used to repay that debt.

> Thus, at the time that [the prepetition secured
> lender's] secured claim was paid on October 31, 2001,
> all of the goods or proceeds of those goods were
> disposed of to "pay" [the prepetition secured lender's]
> secured claim.  In this context, the reclamation goods
> or the proceeds from those goods have been used to
> satisfy the secured creditor's claim.  As such the
> goods or their proceeds have effectively been "paid" to
> the secured creditor, and the Reclamation Claims in
> those goods is valued at zero.

Dairy Mart, 302 B.R. at 136.  Although the post-petition lien was
granted after the reclamation rights arose, the Dairy Mart Court

6

related it back to the prepetition lien, finding both liens were an "integrated transaction."  Id. at 135.

Adopting the reasoning in Dairy Mart, the court in Dana Corp. reached the same conclusion.[3]  The Dana Corp. Court reasoned that since the lien chain between prepetition and DIP lenders remained unbroken, the DIP lender's rights should relate back to the prepetition lender's rights.  Dana Corp., 367 B.R. at 421 ("Because the reclaimed goods or the proceeds thereof were either liquidated in satisfaction of the Prepetition Indebtedness or pledged to the DIP Lenders pursuant to the DIP Facility, the reclaimed goods effectively were disposed of as part of the March 2006 repayment of the Prepetition Credit Facility.").  As a result, the Dana Corp. Court held that the reclamation claims were valueless.  Id. at 421.

Covestro's position is supported by In re Phar-Mor, 301 B.R. 482, 498 (Bankr. N.D. Ohio 2003), aff'd 534 F.3d 502, 506-07 (6th Cir. 2008).  In Phar-Mor, the Bankruptcy Court held that a post-petition lender's floating lien on the debtor's inventory did not constitute an assumption of the prepetition creditor's lien, but an entirely new lien that did not defeat an intervening reclaiming seller's rights.  Id. at 498 ("[A] debtor's decision to grant a security interest in inventory to a subsequent secured

---

[3]  A previous version of section 546(c) was in effect when Dairy Mart was decided.  See 11 U.S.C. 546(c) (2003).  However, the court in Dana Corp. found that the Dairy Mart holding was equally applicable to amended section 546(c).

lender cannot defeat a seller's reclamation rights."). The Sixth
Circuit affirmed the bankruptcy court's holding in <u>Phar-Mor</u>,
explicitly rejecting the <u>Dana Corp.</u> and <u>Dairy Mart</u> holdings.
<u>Phar Mor</u>, 534 F.3d at 506-07.

The Court respectfully disagrees with <u>Dairy Mart</u> and <u>Dana
Corp.</u> and agrees with the <u>Phar-Mor</u> decision. The function of a
lien is to secure a debt; once that debt is repaid, the lien and
the rights of the lien-holder terminate. <u>See Unisys Fin. Corp.
v. Resolution Trust Corp.</u>, 979 F.2d 609, 611 (7th Cir. 1992) ("A
lien is parasitic on a claim. If the claim disappears - poof!
the lien is gone."). In this case, when the Prepetition Loan was
paid from the DIP Loan, the Prepetition Lender's lien was
satisfied but Covestro's reclamation rights remained in force.
The fact that funds obtained from the DIP Loan were used to
satisfy the Prepetition Loan, or that the Debtor granted the DIP
Lenders a lien in inventory to obtain such funds, is irrelevant.
Covestro's reclamation rights arose <u>before</u> the DIP Lenders'
security interest attached, and the DIP Lenders' lien was
expressly subject to reclamation rights under section 546. (<u>See</u>
D.I. 54 at p. 21.)

The Court agrees with <u>Dairy Mart</u>'s observation that a
prepetition lender could elect to foreclose on its collateral,
and should it do so, would likely defeat a vendor's reclamation
rights. <u>Dairy Mart</u>, 302 B.R. at 135. This conclusion is

compelled by statute: a reclaiming seller's rights are subject to
the prior rights of a secured lender.  Foreclosure is among those
rights.  <u>See</u> 13 Pa. Stat. and Cons. Stat. Ann. § 9601 (upon
default, "a secured party may reduce a claim to judgment,
foreclose, or otherwise enforce the claim, security interest, . .
. by any available judicial procedure").

However, the Court thinks it is too much of a stretch to
conclude, as the <u>Dairy Mart</u> and <u>Dana Corp.</u> Courts did, that the
repayment of the Prepetition Loan from the DIP Loan was repayment
from the "sale" of the reclaiming creditor's goods.  In fact,
Covestro's goods were <u>not</u> sold and their proceeds were <u>not</u> paid
to the Prepetition Lender.  The Prepetition Lender was paid from
the proceeds of the DIP Loan and the reclaimed goods were merely
pledged to secure that loan.  Nor can the Court find that the DIP
Loan and the Prepetition Loan are an "integrated transaction."
They were two different loans by two different lenders at two
different times.  Because Covestro's rights arose before the DIP
Lenders had any rights in the goods, the Court concludes that the
DIP Lenders do not have prior rights in the goods under section
546(c).[4]

---

[4]  The Court also finds the Trustee's reliance on <u>Circuit
City</u> unpersuasive.  In <u>Circuit City</u>, the court denied a
reclamation claim because the seller did not diligently pursue
its claim.  <u>Circuit City</u>, 441 B.R. at 508 ("Respondents [sic]
failure to diligently pursue their Reclamation Claims warrants
denial of their Reclamation Claims as a matter of law.").  While
the Court expressed agreement with the <u>Dana Corp.</u> decision, that
portion of the opinion was not relevant to the Court's holding

The Court finds the Trustee's reliance on other cases likewise misplaced.  In <u>Primary Health</u>, the Court held that "a creditor with a <u>prior perfected</u> security interest in inventory which contains an after-acquired property clause is a good faith purchaser under the UCC."  <u>Primary Health</u>, 258 B.R. at 114 (citations omitted) (emphasis supplied).  The <u>Primary Health</u> holding did not deal with the rights of a reclaiming seller against a secured lender with a <u>subsequently</u> perfected security interest as here.

In <u>Advanced Marketing</u>, the Court considered the scope of reclamation rights when a pre-petition secured claim that encumbered all of the debtor's assets remained unpaid.  <u>Simon & Schuster, Inc. v. Advanced Mktg. Servs. (In re Advanced Mktg. Servs.)</u>, 360 B.R. 421, 427 (Bankr. D. Del. 2007) ("Although the Senior Facility may be satisfied at some future date, [the reclaiming seller] has failed to establish when that will occur and, more importantly, whether any of the Goods subject to its reclamation claim will still be in the Debtors' possession at that time.").  In the instant dispute, the Prepetition Loan was fully paid with funds from the DIP Loan on the second day of the case.  Consequently, the holding in <u>Advanced Marketing</u> is not applicable.

---

that the reclaiming sellers did not act diligently in pursuing their claims, and was, therefore, mere dicta.  <u>Id.</u> at 509-11.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court will overrule the Trustee's limited Objection to the Reclamation Claim.[5]

An appropriate Order follows.


Date: August 24, 2016

BY THE COURT:

Mary F. Walrath
United States Bankruptcy Judge

---

[5]   The Court's ruling only deals with the Trustee's limited objection.  The Trustee reserved all rights to object to the Reclamation Claim on other grounds.  Therefore, the Court makes no findings whether the Reclamation Claim satisfies the other requirements of section 546(c) and state law.